## States v. First National Bank of Montrose.

*Banks and banking—Forged draft—Impersonation.*

A bank is not liable for the payment of a draft on a forged indorsement, where the person who committed the forgery and received the money was in fact the person to whom the drawer delivered the check, and whom he believed to be the payee named. In such a case the fact that the fraud was accomplished by prior correspondence to which the purchaser of the draft gave credence, does not remove the case from the rule.

An executor received letters purporting to be signed by a legatee. As

a matter of fact the legatee was dead, and the letters were written and signed by her husband. The executor bought a draft for the amount of the legacy to the order of the legatee, and sent it in a letter addressed to the legatee. The husband forged the name of his deceased wife, and secured the money. *Held,* that the executor had no right of recovery against the bank which had paid the draft.

Argued Jan. 22, 1901. Appeal, No. 32, Jan. T., 1901, by defendant, from judgment of C. P. Susquehanna Co., April T., 1899, No. 182, on judgment for plaintiff, in case of Jacob States v. First National Bank of Montrose. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Assumpsit to recover money paid on a draft on which the indorsement had been forged.

From the record it appeared that plaintiff, who was the executor of Jacob States, Sr., bought a draft of the defendant bank upon the Chase National Bank of New York for $900. The draft was to pay a legacy to his sister, Rebecca Vincent, and was made to her order. Plaintiff had prior correspondence in which letters purporting to be signed by his sister were in fact written and signed by her husband, the sister being dead. The draft was sent in a letter addressed to Rebecca Vincent, was received by her husband, who forged her name and collected the money.

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff for $1,054.80. Defendant appealed.

*Error assigned* among others was in giving binding instructions for plaintiff.

*William D. B. Ainey,* for appellant.—Where one is induced by fraud or artifice to make a check or draft to another who is acting under an assumed name, or claiming to be a person whom he is not, and the check or draft is indorsed in the assumed name, he is held to intend to deal with the one with whom he actually dealt, no matter how mistaken or deceived he may have been as to the latter's true name or identity, and payment by the bank on the indorsement of the assumed name is a good

payment: United States v. National Exchange Bank, 45 Fed. Repr. 163; Robertson v. Coleman, 4 N. E. Repr. (Mass.) 619; Emporia Nat. Bank v. Shotwell, 35 Kan. 360; Crippen, Lawrence & Co. v. American Nat. Bank, 51 Mo. App. 508; Land Title & Trust Co. v. Northwestern Nat. Bank, 196 Pa. 230.

The rule is the same where the impersonation is accomplished through the medium of correspondence: Maloney v. Clark, 6 Kan. 82.

The plaintiff was negligent in directing the defendant bank to make this draft payable to the order of Rebecca Vincent: Land Title & Trust Co. v. Northwestern Nat. Bank, 196 Pa. 230; Iron City Nat. Bank v. Fort Pitt Nat. Bank, 159 Pa. 47.

*A. B. Smith*, of *Mc Collum & Smith*, for appellee.—A bank's contract with its depositor is to pay the latter's checks (or drafts) only to the payee or to one who claims through genuine indorsement; and is liable to such depositor for loss arising from payments made upon a forged indorsement or to one holding through the same: Bolles on Negotiable Instruments, par. 5, p. 300; United Security Life Ins. & Trust Co. v. Central Nat. Bank, 185 Pa. 586; Leather Manufacturers' Bank v. Morgan, 117 U. S. 96; Welsh v. German American Bank, 73 N. Y. 424; Northumberland Bank v. McMichael, 106 Pa. 465; 3 Randolph on Commercial Paper, par. 1442.

The defendant bank was the principal debtor, and the plaintiff its surety, for the payment of the amount of the $900 deposit, to Rebecca Vincent, the payee of the draft; and, by its agent the Chase National Bank of New York, having negligently paid to the wrong person upon a forged indorsement, is liable to such surety in action for reimbursement: Manufacturers' and Mechanics' Bank v. Bank of Penna., 7 W. & S. 335; Seventh National Bank v. Cook, 73 Pa. 483; Saylor v. Bushong, 100 Pa. 27; Girard Bank v. Bank of Penn Twp., 39 Pa. 92; 2 Randolph on Commercial Paper, par. 645.

OPINION BY WILLIAM W. PORTER, J., May 23, 1901:

Jacob States, Sr., died making his son, Jacob States, Jr., the executor of his will, and bequeathing $1,000 to his married daughter, Rebecca Vincent, whose residence was in Montgomery, Alabama. After his father's death Jacob States, Jr., the plain-

tiff, sent several letters to his sister through the mail and received replies purporting to come from and to be signed by her. The result of the correspondence was an agreement to pay $900 in discharge of the legacy aforesaid. In order to remit this amount, the plaintiff bought a draft of the defendant bank, drawn upon the Chase National Bank of New York and to the order of Rebecca Vincent. The draft was delivered to the plaintiff and forwarded by him to his sister, Rebecca Vincent. He received what purported to be her receipt. The draft was indorsed with the name of Rebecca Vincent, presented to a firm of bankers, through whom it passed eventually to the Chase National Bank of New York, and was paid. It subsequently transpired that Rebecca Vincent was dead at the time of the death of her father. The correspondence with the plaintiff was conducted by her husband who impersonated his deceased wife. The draft was sent to him pursuant to this correspondence, drawn to the name of the wife, whose death was unknown to the plaintiff. The indorsement of the name of Rebecca Vincent was forged by her husband. Subsequently, the children of Rebecca Vincent compelled the payment to them of the legacy given by their grandfather's will to their mother. Thus, the plaintiff was compelled to pay the legacy twice. He now sues to hold the defendant bank liable because of the payment of the draft upon the forged indorsement of the name of Rebecca Vincent. When the judgment in this case was entered the reports in Pennsylvania were barren of precedent bearing upon the controversy. Subsequently the case of Land Title and Trust Co. v. Northwestern Nat. Bank, 196 Pa. 230, was decided. While the two cases are not identical in their facts, yet the doctrine asserted and applied by Mr. Justice FELL, substantially rules this case adversely to the plaintiff. It was held, in the case cited, that a bank is not liable for the payment of a check on a forged indorsement where the person who committed the forgery and received the money was in fact the person to whom the drawer delivered the check and whom he believed to be the payee named.

It is to be observed that the case before us is not that of a lost check or draft upon which payment has been secured on a forged indorsement. The draft in this case was forwarded by the plaintiff to one who was impersonating the plaintiff's

dead sister. It was an imposition perpetrated by correspondence. The plaintiff, in fact, dealt with the husband of the deceased Rebecca Vincent, believing his correspondent to be the true Rebecca Vincent. To the husband the draft was sent by the plaintiff. By the impersonator or by his direction, the draft was indorsed with the name of Rebecca Vincent. The payment was thus made to the identical person to whom the draft was sent by the plaintiff. The loss to the plaintiff in this case is the result of the deception practiced upon him. To allow him now to recover from the bank would be to shift the responsibility for failing to discover the deception, from the plaintiff to the bank from whom he bought the draft; to throw "upon the bank the risk of an antecedent fraud practiced upon" the purchaser of the draft of which the bank "had neither knowledge or means of knowledge." To continue the quotation from Mr. Justice FELL'S opinion: "In such a case the intention with which the drawer issued the check has been carried out; the person has been paid to whom he intended payment should be made; there has been no mistake of fact except the mistake which he made when he issued the check, and the loss is due not to the bank's error in failing to carry out his intention, but primarily to his own error into which he was led by the deception previously practiced upon him." If the defendant bank had cashed a check with indorsement forged by an impersonator accredited by the drawer, there could be no recovery by the drawer against the bank. The purchaser of a draft who assumes the duty of forwarding it to the payee stands in no better position. The deception is the same and the responsibility falls upon the purchaser of the draft upon whom the deception was primarily and successfully practiced. See also United States v. National Exchange Bank, 45 Fed. Repr. 163; Crippen et al. v. American National Bank, 51 Mo. App. 508. The fact that the fraud was accomplished by correspondence to which the plaintiff gave credence, does not remove the case from the application of this principle. In Maloney v. Clark, 6 Kan. 82, (cited with approval in Trust Company v. The Bank, supra), the facts were practically identical with those in the case before us. See also Emporia National Bank v. Shotwell, 35 Kan. 360.

The judgment is reversed and judgment is now entered for the defendant on the point reserved.